## GIVEN *v.* BLANN.

Sheaves and shocks of corn are exempt from distress for rent.

When a demurrer to an avowry for rent is overruled, the jury impanelled under the statute in such case, must find the value of the distress as well as the arrears of rent, or the defendant cannot have judgment for the rent due.

*Monday,
November 26.*

ERROR to the *Switzerland* Circuit Court.

STEVENS, J.—The plaintiff declared against the defendant in an action of replevin, for unjustly and unlawfully, on the 15th day of *July,* 1831, taking and detaining the goods and chattels of the plaintiff, to wit, 100 shocks of wheat, reaped, bound into sheaves, and standing in shocks on the field of the plaintiff. The defendant avowed the taking in manner and form, &c., because the plaintiff held and enjoyed said field of him, the defendant, as his tenant, and had so held and enjoyed, &c. for the term of nine months before the time of making the distress, by virtue of a certain demise, &c. under a certain usual and customary rent of one-third part of the grain raised on the field, at the time of harvesting the same, and the rent so payable became and was due on the 12th day of *July,* 1831, &c. To this avowry the plaintiff demurred; the demurrer was overruled, and judgment rendered for the defendant, that he should have a return of the wheat, &c. A writ of inquiry was then awarded to inquire how much rent was due to the defendant, and the sum of 12 dollars and 50 cents was found due, upon which final judgment was rendered against the plaintiff, that the defendant should recover of him the sum of 12 dollars and 50 cents, together with double costs, &c.

The errors complained of are: 1st, The Court erred in overruling the demurrer to the avowry; 2dly, The Court erred in rendering a judgment of *retorno habendo,* and in rendering final judgment for the rent, without inquiring of the value of the property distrained; and 3dly, The Court erred in giving double costs.

The first point is, did the Court err in overruling the demurrer to the avowry.

Nov. Term, 1832.

GIVEN
v.
BLANN.

The power of distraining for rent is, to say the least of it, tyrannical, and may be made an engine of oppression, and is almost irreconcileable with the spirit of our laws and institutions. It is an extraordinary remedy, and is limited to the strict letter of the law, confined strictly to the authority given, and nothing can be taken by implication. It is a proceeding by which a landlord is permitted to seize and dispose of the property of his tenant, without his consent, and without the assent of his judges or peers, and, as Sir *Edward Coke* expresses it, a proceeding in which he is a judge in his own cause, contrary to the solid maxim of common law; and therefore an avowry must be as certain, direct, and special, in both form and substance, as a plea of justification in an action of trespass.

The first objection raised is, that the property taken as a distress is not distrainable. The common law imposes several benign restrictions on this summary authority of distress. It forbids the distraining of many articles, such as, 1st, things fixed to the freehold or which savour of realty, as fixtures, growing crops, &c.; 2d, things of a perishable nature, as milk, &c.; 3d, things that cannot be removed without sustaining some injury, and which cannot be returned in the same plight in which they were when taken, as sheaves and shocks of corn; 4th, things delivered to a person exercising a trade to be worked up or used in the way of his trade; 5th, beasts of the plough and implements of husbandry; and 6th, instruments of a man's trade. 3 Bl. Comm. 9, 10.—3 Kent's Comm. 382.—*Simpson v. Hartopp*, Willes, 512. The two last-mentioned exemptions are only exempt *sub modo*, that is, upon the supposition that there is a sufficiency of other property to be distrained. The property distrained in this case, is sheaves and shocks of corn in the field, which are exempt from distress by the common law, and, if our statute does not authorise such a distress, the proceedings are illegal and void.

It has not been contended that the statute expressly authorises such a distress, but that it has taken away the reason of the common law, and therefore the law is virtually, as to that, repealed; that, at common law, the distress was taken as a pledge, and was held until the tenant paid the rent or replevied the property; and therefore sheaves and shocks of corn could

not be taken, because the removal and return would injure them; but, by our statute, the distress is to be absolutely sold, unless the rent is paid or the property replevied; and therefore the reason of the common law cannot apply. To this argument it may be correctly answered, that the reason of the common law remains unimpaired; the right of the tenant to pay the rent or to replevy the distress, remains in full force; no alteration as to that is made, only the time is limited to a few days; but if he does pay the rent or replevy the property within the time limited, it must be returned to him without damage, and in the same plight it was in when seized; and, in the case of sheaves and shocks-of corn, that is impossible, and therefore they certainly remain as things forbidden to be taken as a distress. It may be further answered that nothing can be taken by implication, and that, unless the statute expressly authorises the distress, it is illegal.

It has been further argued, that the 8th section of our statute virtually authorises the distraining of sheaves and shocks of corn. That section authorises the distraining of growing crops, but says nothing about sheaves and shocks. It is thought that this 8th section of the statute has nothing whatever to do with the point under consideration. The reason of those common law exemptions must be kept in view. Growing crops are exempt from distress, not because they cannot be returned without injury, and in the same plight in which they may be taken, but because they savour of realty, and the object of that section is to extend the right of distress to those things which savour of realty, and it cannot by any correct view of the case, be extended by implication to goods and chattels. Sheaves and shocks of corn are goods and chattels, and if that 8th section extends to them, it extends to milk and all other exempted goods and chattels. That section of our statute is precisely like the *English* statute on the same subject, and it has never been supposed in *England* to extend, by implication, to any thing other than the things named, that is, growing crops. In *England*, they have a statute expressly making sheaves and shocks of corn liable to be distrained for rent, but it is a statute made for that express purpose, and the articles and things thereby subjected to distress are expressly named, and it has never been carried, by implication, to any thing not expressly named. We have no such statute.

· It is also further contended, that the 2d, 5th and 7th sections of our statute virtually make sheaves and shocks of corn distrainable. The 5th section gives the landlord a lien on "all the goods and chattels" of the tenant, to the amount of one year's rent, when his claims for rent are brought in collision with the claims of other creditors, but it is a proviso with which the tenant has nothing to do, he is not affected in any way by it, it only affects creditors. It does not extend the remedy by distress, nor is the remedy by distress the subject-matter of that section. A landlord has all the remedies by suit or suits that other creditors have, in addition to his extraordinary remedy by distress, and he may pursue any of them he pleases; but if he resorts to the remedy by distress, he must take its disadvantages as well as its advantages. This 5th section operates as a mortgage on all the goods and chattels of the tenant, to the amount of one year's rent, against other creditors; but against the tenant it has no effect,—as to him it is a dead letter. The subject-matter of the 2d and 7th sections is the remedy by distress for rent, and relates to and points out various proceedings in the prosecution of that remedy. Words used in statutes are restrained, limited, or extended by the subject of their application, and hence the propriety of the rule that " words are to be construed in reference to the subject-matter." The statute forbidding ecclesiastical persons to purchase provisions at *Rome,* did not prohibit the buying of grain or meat, that not being the subject-matter. The statute forbidding the drawing of blood in the streets, did not extend to a surgeon who opened a vein in the streets, that not being the subject-matter. The statute giving the ship and cargo to those who might remain on board, when the ship was deserted in a storm by the owners and mariners, did not extend to a sick man, who lay in the ship and was unable to get out, and the ship drifted safely into port by chance, with the sick man on board, because he did not come within the meaning and subject-matter of the act. And the words "*all cattle,*" when speaking of commons and commonable cattle, are limited and restricted to commonable cattle, that being the subject matter. From this rule of construction, and it is the only rule known to the law, it irresistibly follows that the words " *any goods and chattels,*" as used in the 7th section of the act, are restricted and limited to goods and chattels that

<div style="margin-left:auto">

Nov. Term,
1832.

</div>

are distrainable, distress and things subject to distress being the subject-matter.

If this view of the case, and the law governing it, is correct, no doubt can exist as to the illegality of the distress. The property seized was not distrainable, and the demurrer to the avowry ought to have been sustained (1).

The second error is also well assigned, but it is unnecessary to say any thing about that, as the first defeats and renders null the whole defence set up (2).

*Per Curiam.*—The judgment is reversed with costs.

*O. H. Smith,* for the plaintiff.

*S. Merrill,* for the defendant.

(1) The rent in this case, viz. one-third of the grain raised, was not sufficiently certain to authorise the remedy by distress. *Clark* v. *Fraley, Nov.* term, 1833, post.

(2) *Larkin* v. *Wilburn,* Vol. 2, of these Rep. 343, and note, accord.